SUMMONS IN A CIVIL ACTION    COURT OF COMMON PLEAS, CUYAHOGA COUNTY JUSTICE CENTER
CLEVELAND, OHIO 44113

| CASE NO. CV15856280 | D1 FX | SUMMONS NO. 27900911 |
|---|---|---|

Rule 4 (B) Ohio

Rules of Civil Procedure

**SUMMONS**

CAMILLE WILSON                          **PLAINTIFF**
                  VS
UNIVERSITY HOSPITALS CASE MEDICAL            **DEFENDANT**
              CENTER

UNIVERSITY HOSPITALS CASE MEDICAL
CENTER
11100 EUCLID  AVENUE
CLEVELAND OH 44106-0000

You have been named defendant in a complaint (copy attached hereto) filed in Cuyahoga County Court of Common Pleas, Cuyahoga County Justice Center, Cleveland, Ohio 44113, by the plaintiff named herein.

You are hereby summoned and required to answer the complaint within 28 days after service of this summons upon you, exclusive of the day of service.

Said answer is required to be served on:



Plaintiff's Attorney (Pro Se)

CAMILLE WILSON
16327 DELREY AVENUE

CLEVELAND, OH 44128-0000

Said answer is required to be served on Plaintiff's Attorney (Address denoted by arrow at left.)

Your answer must also be filed with the court within 3 days after service of said answer on plaintiff's attorney.

If you fail to do so, judgment by default will be rendered against you for the relief demanded in the complaint.

Case has been assigned to Judge:

MICHAEL P DONNELLY
Do not contact judge. Judge's name is given for attorney's reference only.

NAILAH K. BYRD
Clerk of the Court of Common Pleas

| DATE |
|---|
| Dec 28, 2015 |

By_____
        Deputy

COMPLAINT FILED   12/28/2015

CMSN130

**EXHIBIT A**

Court of Common Pleas

Cuyahoga County, Ohio

CV15856280                    92265397


| | | |
|---|---|---|
| Camille Wilson | ) | Case No. |
| | ) | |
| 16327 Delrey Avenue | ) | |
| | ) | |
| Cleveland, Ohio 44128 | ) | |
|       Plaintiff | ) | Judge:  MICHAEL P DONNELLY |
|       vs | ) | CV 15 856280 |
| | ) | |
| University Hospitals Case Medical Center | ) | JURY DEMAND ENDORSED HEREON |
| | ) | |
| 11100 Euclid Avenue | ) | |
| | ) | |
| Cleveland, Ohio 44106 | ) | |
|       Defendant | ) | |

2015 DEC 28  A 10: 27

FILED

(1)  Plaintiff is an adult black female.

(2)  Defendant is an employer with thousands of employees.

(3)  Plaintiff worked for defendant from approximately 2009-2014 in the capacity of

Equipment Technician and Operations Assistant in the Pediatric Respiratory Care

Department.

(4)  Defendant discriminated against plaintiff as set forth below in more detail by, among

other things, harassing plaintiff because of race and color (black), terminating plaintiff as

retaliation, eliminating plaintiff because of plaintiff's race and color, and subjecting

plaintiff to an illegal medical exam.

(5) This lawsuit is brought pursuant to Ohio Revised Code Chapter 4112 and Title VII of the

Civil Right Act of 1964 and the Americans with Disabilities Act.

(6) All of the acts described herein took place in Cuyahoga County, Ohio.

(7) Plaintiff filed two charges with the Ohio Civil Rights Commission, in October 2014 and

January2015.  The 2015 charge involves the termination and the 2014 charge involves

harassment, retaliation, and other events that took place before the termination.  The

charges were dual filed with the EEOC.

(8) EEOC issued a Right-to Sue-Letter, copy attached, for the 2014 charge.  EEOC is

reviewing the 2015 charge.

(9) At all times plaintiff received good performance reviews and was qualified for the job.

(10) Shortly after plaintiff started to work for defendant, defendant University Hospitals

employee, Nancy Johnson (white female) began harassing plaintiff.

(11) This harassment consisted of : (a) Without a legitimate reason, Johnson enter into the

back storeroom and called plaintiff a black bitch, (b) Johnson would call plaintiff black

bitch in other different places at University Hospitals facility on frequent occasions, (c)

Johnson intentionally ignored University Hospitals instructions to stay away from

plaintiff and repeatedly would enter into plaintiff's workstation without any reason in

order to provoke plaintiff.

(12) Plaintiff reported Johnson's harassment promptly and frequently to plaintiff's immediate

Supervisor (Kathleen Deakins), the Human Resources Department, and the University

Police Department.

(13) Plaintiff was preoccupied with Johnson's harassment, which made plaintiff's work more

difficult. For example the harassment could have led plaintiff to incorrectly mix sterilizing

chemicals, forget to order supplies or mis-count inventory. The harassment made

plaintiff feel humiliated and less than a person.

(14) In October 2014, University Hospitals told plaintiff that she must submit to a medical

health exam and if plaintiff refused plaintiff would be insubordinate.  Plaintiff took the exam

only because of the threat.  The exam results showed that plaintiff was fit for job duties.

In fact all of plaintiff's performance reviews showed that plaintiff was fit for duty.

The exam was not job related and was not consistent with business necessity.  Plaintiff

felt humiliated with the threat of the medical health exam and caused plaintiff to lose

trust with University Hospitals.

(15) In January 2015, defendant notified plaintiff that her position was being eliminated as

part of a reduction in force.  The decision to include plaintiff in the RIF was made by a

panel of three people.  One of the panel members was the plaintiff's Supervisor,

Kathleen Deakins.  Another panel member was Paula Gillette, Vice President of Nursing.

The last member was Patty De Pompei, President of Rainbow Hospital.  The panel

selected plaintiff for the RIF for illegal reasons.  First, the panel members retaliated

against plaintiff for her complaints.  The panel members knew of plaintiff's complaints

and felt the plaintiff's complaints were causing too many problems at University

Hospitals.   Second, Ms. Deakins harbored racial animus.   Ms. Deakins knew of Ms. Johnson's

racial harassment toward plaintiff and plaintiff complaints.  Ms. Deakins's failure to take action

against Ms. Johnson and failure to try to remedy the problem shows Ms. Deakins' animus.

Her animus affected the panel's decision making process.   Additional evidences of Ms. Deakins

animus is as follows:  Defendant has a policy that prohibits employees from having personal

relationships with other employees that work in the same department and same shift.  Ms.

Deakins knew of such a male/female couple (white) but did not enforce the policy against them.

(16) Plaintiff has suffered loss of income, loss of benefits and emotional distress as a result of

defendant's acts and omissions.

### Count One (State and Federal Law)

(17) The acts described constitute harassment and a hostile work environment.

### Count Two (State and Federal Law)

(18) Defendant illegally terminated plaintiff because of race and color.

### Count Three (State and Federal Law)

(19) Defendant illegally terminated plaintiff as retaliation for plaintiff's internal complaints

and complaints to the OCRC and EEOC.

### Count Four (State and Federal Law)

(20) Defendant illegally required plaintiff to take a medical exam as retaliation for plaintiff's

Internal complaints.

### Count Five (State and Federal Law)

(21) Defendant illegally required plaintiff to take a medical exam under the Americans with

Disabilities Act.

WHEREFORE, plaintiff demands the following relief:

Lost wages and Lost benefits greater than $25,000.00

Back pay and Front pay greater than $25,000.00

Equitable relief greater than $25, 000.00

Emotional distress greater than $25, 000.00

Compensatory and Punitive Damages greater than $25,000.00

Costs, Attorney fees, and Interest and such other relief as is proper.

Camille Wilson

16327 Delrey Avenue

Cleveland, Ohio 44128

(216) 965-5570

Jury Demand

Plaintiff demands a jury not less than the maximum number of jurors permitted by law on all issues so

triable.

*Camille Wilson*

Camille Wilson

EEOC Form 161 (11/09)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

| | |
|---|---|
| To: **Camille Wilson**<br>**16327 Delrey Avenue**<br>**Cleveland, OH 44128** | From: **Indianapolis District Office**<br>**101 West Ohio St**<br>**Suite 1900**<br>**Indianapolis, IN 46204** |

| | On behalf of person(s) aggrieved whose identity is<br>CONFIDENTIAL (29 CFR §1601.7(a)) |
|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **22A-2015-00217** | **Ethel M. Harmon,**<br>**State & Local Program Manager** | **(317) 226-6144** |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ]  The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ]  Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ]  The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ]  Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[ ]  The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[X]  The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ]  Other (briefly state)

### - NOTICE OF SUIT RIGHTS -

(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*Webster N Smith*

SEP 30 2015

**Webster N. Smith,**
**Director**

(Date Mailed)

Enclosures(s)

cc:  **HR DIRECTOR**
**UNIVERSITY HOSPITAL**
**11100 Euclid Avenue**
**Cleveland, OH 44106**



# COMMON PLEAS COURT
## CUYAHOGA COUNTY, OHIO

DESIGNATION FORM TO BE USED TO INDICATE THE CLASSIFICATION OF THE CAUSE

Camille Wilson
*Plaintiff*

vs.

University Hospitals. Case Medical Center
*Defendant*

Case No.

Judge: __

Judge: MICHAEL P DONNELLY

CV 15 856280

Has this case been previously filed & dismissed? Yes ☐  No ☒
Case #: _____  Judge: _____
Is this case related to any cases now pending or previously filed  Yes ☐  No ☒
Case #: _____  Judge: _____

## CIVIL CLASSIFICATIONS: *Place an (X) in ONE Classification Only.*

### Professional Torts:
☐ 1311  Medical Malpractice
☐ 1315  Dental Malpractice
☐ 1316  Optometric Malpractice
☐ 1317  Chiropractic Malpractice
☐ 1312  Legal Malpractice
☒ 1313  Other Malpractice

### Product Liability:
☐ 1330  Product Liability

### Other Torts:
☐ 1310  Motor Vehicle Accident
☐ 1314  Consumer Action
☐ 1350  Misc Tort

### Workers Compensation:
☐ 1550  Workers Compensation
☐ 1531  Workers Comp. Asbestos

### Foreclosures:
Utilize Separate Foreclosure
Designation Form

### Commercial Docket

☐ 1390  Cognovit

### Administrative Appeals:
☐ 1540  Employment Services
☐ 1551  Other

### Other Civil:
☐ 1500  Replevin/Attachment
☐ 1382  Business Contract
☐ 1384  Real Estate Contract
☐ 1388  Consumer Debt
☐ 1391  Other Contract
☐ 1490  Foreign Judgment
☐ 1491  Stalking Civil Protection Order
☐ 1501  Misc Other
☐ 1502  Petition to contest Adam Walsh Act
☐ 1503  Certificate of Qualification for Employment

**Amount of Controversy:**
☐ None Stated
☐ Less than $25,000
☒ Prayer Amount 125,000.00

**Parties have previously attempted one of the following prior to filing:**
☐ Arbitration
☐ Early Neutral Evaluation
☐ Mediation
☒ None

*I certify that to the best of my knowledge the within case is not related to any now pending or previously filed, except as noted above.*  Camille Wilson

16327 Delrey Ave
*Address*
Cleveland Ohio 44128
*Address*
216 9655570
*Phone*

Camille Wilson
*Signature*
MSCwilson7e yahoo.com
*Email Address*

Print Form