**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| CAMILLE WILSON, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 1:16-cv-00114-DAP |
| | ) | |
| v. | ) | Honorable Judge Dan Aaron Polster |
| | ) | |
| UNIVERSITY HOSPITALS CASE | ) | |
| MEDICAL CENTER. | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT UNIVERSITY HOSPITALS CASE MEDICAL CENTER'S
PARTIAL MOTION FOR JUDGMENT ON THE PLEADINGS**

Pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, Defendant University Hospitals Case Medical Center ("UHCMC" or "Defendant") moves this Court to grant judgment on the pleadings in its favor and to dismiss Counts 1, 4 and 5 of Plaintiff Camille Wilson's ("Plaintiff") Complaint in their entirety as well as Plaintiff's state claims contained in Counts 2 and 3 of the Complaint on the grounds that the claims are time-barred.  Specifically, Plaintiff agreed to a six-month contractual limitations period on claims relating to her employment with UHCMC in her employment application.  A true and correct copy of her employment application and a copy of Plaintiff's offer letter were attached to Defendant's Answer [ECF Doc. 4-1 and 4-2] and are attached hereto as Exhibit 1.  A Memorandum of Law in Support of this Motion is also attached.

Respectfully submitted,

*/s/ Liana R. Hollingsworth*
David A. Campbell (0066494)
Liana R. Hollingsworth (0085185)
Vorys, Sater, Seymour and Pease LLP
200 Public Square, Suite 1400
Cleveland, Ohio 44114
Telephone:  (216) 479-6100
Facsimile:   (216) 479-6060
Email: dacampbell@vorys.com
          lrhollingsworth@vorys.com

*Attorneys for Defendant*

2

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CAMILLE WILSON, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 1:16-cv-00114-DAP |
| | ) | |
| v. | ) | Honorable Judge Dan Aaron Polster |
| | ) | |
| UNIVERSITY HOSPITALS CASE | ) | |
| MEDICAL CENTER. | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT**
**UNIVERSITY HOSPITALS CASE MEDICAL CENTER'S**
**PARTIAL MOTION FOR JUDGMENT ON THE PLEADINGS**

## I.      INTRODUCTION

Plaintiff agreed to a six-month contractual limitations period on her employment claims against UHCMC in her employment application.  (*See* Exhibit 1).  As fully set forth below, under both Ohio and federal law "it is well established that in the absence of a controlling statute to the contrary, a provision in a contract may validly limit, between the parties, the time for bringing an action on such contract to a period less than that prescribed in a general statute of limitations." *Globe Am. Cas. Co. v. Goodman*, 41 Ohio App.2d 231, 237, 325 N.E.2d 257 (8th Dist.1974); *Maxwell v. University Hospitals Health Systems, Inc*., No. CV 15 840036, Cuyahoga Cty. Common Pleas, February 1, 2016 (attached hereto as Exhibit 2); *Tyler v. FedEx Freight, Inc.*, S.D. Ohio No. 3:13CV419, 2015 U.S. Dist. LEXIS 53662 (April 23, 2015).  Plaintiff's lawsuit was filed more than six months after her termination of her employment.  Accordingly, all of Plaintiff's state law claims are time-barred.

If an employee files a charge of discrimination with the Equal Employment Opportunity

3

Commission, then the Commission is granted exclusive jurisdiction over the subject matter of the employee's federal claims for a period of 180 days and the six-month contractual limitations period cannot commence until the expiration of the 180-day period. *See Tyler,* 2015 U.S. Dist. LEXIS 53662, at \*11-21.

Here, Plaintiff filed a charge of discrimination during her employment on October 29, 2014 relating to events that took place before Plaintiff's position was eliminated as part of a larger reorganization, including a medical fitness for duty examination which Plaintiff alleges was discriminatory. Plaintiff then filed a second charge of discrimination on January 14, 2015 regarding her separation from UHCMC. With regard to Plaintiff's first charge of discrimination, the EEOC's 180-day period of exclusive jurisdiction expired on April 27, 2015, and Plaintiff, therefore, had until October 27, 2015 to file the present lawsuit. Because Plaintiff did not file the lawsuit until December 28, 2015, Plaintiff's federal claims concerning the subject matter of her first charge of discrimination are untimely, *i.e.* the alleged conduct which occurred during her employment, and should be dismissed as a matter of law. Accordingly, Plaintiff may only proceed on her federal claims concerning her separation from employment.

## II.  <u>RELEVANT AND UNDISPUTED FACTS</u>

Plaintiff's claims arise in relation to her employment with UHCMC. (*See generally* Complaint). Prior to beginning employment at UHCMC in 2009, Plaintiff submitted an employment application. (*See* Exhibit 1; Complaint at ¶ 3). The employment application contained a separate clause in which Plaintiff agreed that any claims or lawsuits relating to her employment with UHCMC must be filed no more than six months after the date of the action which is the subject of the claim or lawsuit. (*See* Exhibit 1). The employment application also makes clear that it remains effective throughout Plaintiff's employment with UHCMC. (*Id.*). The employment application was incorporated into the offer of employment sent to Plaintiff on

4

November 24, 2009. (*Id.*).

During her employment, Plaintiff dual filed a charge of discrimination with the Ohio Civil Rights Commission and the Equal Employment Opportunity Commission on October 29, 2014 (the "2014 Charge"). (*See* Complaint at ¶ 7; *see also* the 2014 Charge, attached hereto as Exhibit 3. The 2014 Charge involved events that took place before Plaintiff's termination, including a medical fitness for duty examination which Plaintiff alleges was discriminatory. (*See* Complaint at ¶¶ 7, 10-14). Plaintiff received a right to sue letter for the 2014 Charge on September 30, 2015. (*See* Complaint at ¶ 8 and Exhibit 1 to the Complaint).

On January 7, 2015, Plaintiff's position was eliminated as part of a large reorganization. (*See* Complaint at ¶ 15; *see also* the 2015 Charge, attached hereto as 4). Following her termination, Plaintiff dual filed a second charge of discrimination with the Ohio Civil Rights Commission and the Equal Employment Opportunity Commission on January 14, 2015 (the "2015 Charge"). (*See* Complaint at ¶ 7; Exhibit 4). The 2015 Charge involved Plaintiff's alleged wrongful termination. (*Id.*) Plaintiff received a right to sue letter for the 2015 Charge on January 28, 2016. (*See* ECF Doc. 6).

Plaintiff filed the present lawsuit on December 28, 2015, alleging violations of R.C. 4112.02, Title VII of the Civil Rights Act of 1964 ("Title VII"), and the Americans with Disabilities Act ("ADA"). (*See* Complaint at ¶ 5). Specifically, Counts 1, 4 and 5 involve conduct that allegedly occurred during Plaintiff's employment and was the subject of Plaintiff's 2014 Charge. (*See* Complaint at Counts 1, 4 and 5). Counts 2 and 3 involve Plaintiff's termination—the subject of Plaintiff's 2015 Charge—and allege that she was terminated based on her race and color and in retaliation for raising internal and external complaints in violation of R.C. 4112.02 and Title VII. (*See* Complaint at Counts 2 and 3 and Exhibit 4).

5

### III.  LAW AND ARGUMENT

#### A.  Standard Of Review

A motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is appropriately granted, "when the movant establishes that there is no material issue of fact to be resolved and that he is entitled to judgment as a matter of law." *Garrett v. Univ. Hosps. of Cleveland, Inc.*, No. 1:12-CV 2371, 2013 U.S. Dist. LEXIS 71758, *2-3, (N.D. Ohio May 21, 2013). When reviewing a motion for judgment on the pleadings, the non-moving party's factual allegations are accepted as true and are construed in the light most favorable to the non-moving party. *EEOC v. J. H. Routh Packing Co.*, 246 F.3d 850, 851 (6th Cir. 2001).

#### B.  All Of Plaintiff's State Law Claims Under R.C. 4112.02 Are Time-Barred.

Ohio law permits contractually agreed upon limitation periods. Ohio courts have found that "it is well established that in the absence of a controlling statute to the contrary, a provision in a contract may validly limit, between the parties, the time for bringing an action on such contract to a period less than that prescribed in a general statute of limitations." *Globe Am. Cas. Co. v. Goodman*, 41 Ohio App.2d 231, 237, 325 N.E.2d 257 (8th Dist.1974); *see also Greismer v. Allstate Ins. Co.*, 2009-Ohio-725, ¶ 27 (8th Dist.) (quoting *Angel v. Reed,* 119 Ohio St. 3d 73, 2008-Ohio-3193, 891 N.E.2d 1179, ¶ 11) (upholding a shorter limitation on claims in a contract between insurer and insured). Contractually stipulated limitation periods will be permitted so long as the "shorter time is a reasonable period." *Globe*, 41 Ohio App.2d at 237 (internal quotations omitted); *see also Maxwell v. University Hospitals Health Systems, Inc.*, No. CV 15 840036, Cuyahoga Cty, Feb. 1, 2016, attached hereto as Exhibit 2).

## 1. No controlling statutes prevent parties from shortening the statute of limitations.

There are no controlling statutes in Ohio that would limit the ability of the parties to contractually agree to a shorter statute of limitations. Plaintiff brings claims of harassment, race discrimination, disability discrimination and retaliation under R.C. 4112.02. (*See* Complaint at Counts 1-5). R.C. 4112.02 does not provide a time limit for bringing these claims within the statute, nor does it prohibit a party from agreeing to a shorter time limit for bringing a claim. *See* R.C. 4112.02. Courts have recognized that claims brought under R.C. 4112 are subject to the six year period of limitations for statutorily provided claims found in R.C. 2305.07 in the absence of a specific provision within the statute specifying a limitations period. *See e.g., Dunn v. Bruzzese*, 172 Ohio App.3d 320, 2007-Ohio-3500, ¶ 96 (7th Dist.); *Ferraro v. B.F. Goodrich Co.*, 149 Ohio App.3d 301, 2002-Ohio-4398, 777 N.E.2d 282, ¶ 32. R.C. 2305.07 also contains no provisions which prohibit parties from contractually agreeing to a shorter statute of limitations. *See* R.C. 2305.07.

Because no statute prevents parties from contractually limiting the time frame to file a claim, a contractual limitation will be permitted for Plaintiff's claims so long as the agreed time frame is reasonable.

## 2. A six-month limitations period is reasonable.

The employment application at issue here contained a six-month limitations period on all claims arising out of Plaintiff's employment. (*See* Exhibit 1). Courts in Ohio have held that a six-month contractual limitations period is reasonable under similar circumstances. For example, the Cuyahoga County Common Pleas Court, in *Maxwell v. University Hospitals Health Systems, Inc*., No. CV 15 840036, recently awarded summary judgment to University Hospitals on the basis that the plaintiff's racial discrimination and retaliatory discharge claims were time-

barred by the six-month contractual limitations period provided in University Hospital's employment application and which was also incorporated into University Hospital's offer of employment letter to the plaintiff.  (*See* Exhibit 2).

Similarly, in *Terry*, the Northern District of Ohio awarded summary judgment to the defendants on the basis that the plaintiff's disability discrimination claim under R.C. 4112.02(A) was time-barred.  *Terry v. Cen. Tran., Inc.,* N.D. Ohio 1:09CV2432, 2011 U.S. Dist. LEXIS 83454 at *18 (July 29, 2011).  Like the facts in the present case, the plaintiff in *Terry* had signed an employment application which contained a contractual limitation period of six months on claims related to her employment.  *Id.* at *8-9.  The court found that there was "nothing inherently unreasonable about a six-month limitation period."  *Id.* at *13.  In its analysis, the *Terry* court noted that several courts applying Ohio law had upheld six-month limitation periods contained in employment applications.  *Id.* at *13; *see also Hoskins v. DaimlerChrysler Corp.*, S.D. Ohio No. 3:03CV338, 2005 U.S. Dist. LEXIS 45418, *14 (Mar. 30, 2005); *Sanders v. DaimlerChrysler Corp.,* N.D. Ohio No. 3:05 CV 7056, 2006 U.S. Dist. LEXIS 84348, at *15-16 (Nov. 9, 2006) (a contractual limitation period of six months within an employment application is enforceable and the plaintiff's claim for disability discrimination "is barred by the employment application language"); *see also Thurman v. DaimlerChrysler Corp.*, 397 F.3d 352, 116 Fed. App'x. 638 (6th Cir. 2004) (a six-month contractual limitation period in an employment application is enforceable).

Here, the limitations period within the employment application that Plaintiff signed is not inherently unreasonable because of the six-month limitation.  Because the contractual limitation agreed to in the employment application does not violate a controlling statute preventing such agreements and the time period is not unreasonable, the limitation should be upheld.

      **3.**     **Plaintiff failed to file her state claims within the six-month contractual limitations period.**

In the present case, Plaintiff filed her Complaint on December 28, 2015 nearly a year after her separation from UHCMC.  (*See* Complaint at ¶ 15; Exhibit 4).  Accordingly, all of Plaintiff's state law claims arising from the alleged conduct during her employment and separation from employment are well outside the six-month contractual limitations period that she agreed to within her employment application.  Plaintiff cannot, therefore, proceed with any of her claims under the Ohio Revised Code.

      **C.**     **Plaintiff's Title VII And ADA Claims Based On Conduct That Occurred During Plaintiff's Employment Are Time-Barred.**

Federal district courts within Ohio have similarly recognized that a six-month contractual limitations period is reasonable and enforceable.  *See e.g.  Terry v. Cen. Tran., Inc.*, N.D. Ohio 1:09CV2432, 2011 U.S. Dist. LEXIS 83454 (July 29, 2011); *Tyler v. FedEx Freight, Inc.*, S.D. Ohio No. 3:13CV419, 2015 U.S. Dist. LEXIS 53662 (April 23, 2015) (Title VII claim was time-barred by the six-month limitation period contained in a document titled "Employment Conditions" which the plaintiff signed at the time of his hire); *Ellison v. DamilerChrysler, Inc.,* N.D. Ohio No. 3:06CV899, 2007 U.S. Dist. LEXIS 80227 (Oct. 30, 2007) (affirming the enforceability of a six-month contractual limitation period contained in an employment application).

However, when employees file charges of discrimination with the Equal Employment Opportunity Commission, the Commission has exclusive jurisdiction for a period of 180 days and the six-month contractual limitations period cannot commence until the expiration of the 180-day period.  *See Tyler,* 2015 U.S. Dist. LEXIS 53662, at *11-21.  Here, Plaintiff filed her 2014 Charge on October 29, 2014 (*See* Complaint at ¶ 7; Exhibit 2).  The EEOC's 180-day period of exclusive jurisdiction expired on April 27, 2015, and Plaintiff, therefore, had until

October 27, 2015 to file the present lawsuit.  Because Plaintiff did not file the lawsuit until December 28, 2015, Plaintiff's federal claims concerning the subject matter of her 2014 Charge are untimely, *i.e.* the alleged conduct which occurred during her employment, and should be dismissed as a matter of law.  Accordingly, only Plaintiff's Title VII race and retaliation claims based on her termination contained in Counts 2 and 3 of her Complaint are timely.

## IV.  CONCLUSION

Based on the foregoing arguments and authorities, Defendant respectfully requests that this Court dismiss Counts 1, 4 and 5 in their entirety as they are based on the 2014 Charge and are untimely.  Additionally, Defendant requests that this Court dismiss Plaintiff's state law claims in Counts 2 and 3 of the Complaint as they are similarly time-barred.

Respectfully submitted,

*/s/ Liana R. Hollingsworth*
David A. Campbell (0066494)
Liana R. Hollingsworth (0085185)
Vorys, Sater, Seymour and Pease LLP
200 Public Square, Suite 1400
Cleveland, Ohio 44114
Telephone:  (216) 479-6100
Facsimile:   (216) 479-6060
Email: dacampbell@vorys.com
           lrhollingsworth@vorys.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 25th day of February, 2016, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties, when applicable, by operation of the Court's ECF system. Parties may access this filing through the Court's electronic filing system. If parties will not receive notice via the Court's electronic filing system, a true and correct copy of the foregoing will be served via email on February 25, 2016, and a hard copy will be hand delivered on February 26, 2016, upon the following:

Camille Wilson
16327 Delrey Avenue
Cleveland, OH 44128
mscwilson1@yahoo.com

*Pro Se Plaintiff*

*/s/ Liana R. Hollingsworth*
Liana R. Hollingsworth (0085185)
Vorys, Sater, Seymour and Pease LLP
200 Public Square, Suite 1400
Cleveland, Ohio 44114
Telephone: (216) 479-6100
Facsimile: (216) 479-6060
Email: lrhollingsworth@vorys.com

*One of the Attorneys for Defendant*

11