FILED

2016 FEB -1 A 11: 26

CLERK OF COURTS
CUYAHOGA COUNTY

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

| | | |
|---|---|---|
| ERIC MAXWELL, | ) | CASE NO. CV 15 840036 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE BRENDAN J. SHEEHAN |
| v. | ) | |
| | ) | |
| UNIVERSITY HOSPITALS HEALTH | ) | |
| SYSTEMS, INC., *et al.*, | ) | **OPINION AND JUDGMENT** |
| | ) | **ENTRY** |
| Defendants. | ) | |

I. <u>FACTS AND ISSUES PRESENTED.</u>

Plaintiff Eric Maxwell filed this action against Defendants University Hospitals Health Systems, Inc., Joshua Beers, and University Hospitals Cleveland Medical Center alleging claims of racial discrimination and retaliatory discharge. It is undisputed that Plaintiff's claims were filed more than six months after the alleged employment action at issue. Defendants filed a Motion for Summary Judgment based on a provision in Plaintiff's employment documents that purports to require all employment claims to be filed within six months of the employment action.

II. <u>LAW AND ANALYSIS.</u>

    A. <u>Standard for Summary Judgment.</u>

Under Civ.R. 56, summary judgment is appropriate when, (1) no genuine issue as to any material fact exists, (2) the party moving for summary judgment is entitled to judgment as a

matter of law, and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can only reach one conclusion which is adverse to the non-moving party. Holliman v. Allstate Ins. Co., 86 Ohio St.3d 414, 715 N.E.2d 532 (1999); Temple v. Wean United, Inc., 50 Ohio St.2d 317, 327, 364 N.E.2d 267 (1997).  When a motion for summary judgment is properly made and supported, the nonmoving party must set forth specific facts showing that there is a genuine issue for trial and may not merely rest on allegations or denials in the pleadings.  Dresher v. Burt, 75 Ohio St.3d 280, 662 N.E.2d 264 (1996).  The nonmoving party must produce evidence on any issue for which that party bears the burden of production at trial. Wing v. Anchor Media, Ltd., 59 Ohio St.3d 108, 111, 570 N.E.2d 1095 (1991).  Further, to survive summary judgment, a plaintiff must produce more than a scintilla of evidence in support of his position. Markle v. Cement Transit Co., Inc, 8th Dist. No. 70175, 1997 WL 578940, 2 (1997), citing Redd v. Springfield Twp. School District, 91 Ohio App.3d 88, 92, 631 N.E.2d 1076 (9th Dist. 1993).

B. <u>Analysis of Limitations Provision.</u>

Over forty years ago, the Eighth District Court of Appeals stated:  "It is well established that in the absence of a controlling statute to the contrary, a provision in a contract may validly limit, between the parties, the time for bringing an action on such contract to a period less than that prescribed in a general statute of limitations provided that the shorter period itself shall be a reasonable period." *Globe Am. Cas. Co. v. Goodman*, 41 Ohio App. 2d 231, 237, 325 N.E.2d 257, 261 (8th Dist. 1974), citing *United Commercial Travelers v. Wolfe*, 331 U.S. 586, 608; 91 L. Ed. 1687, 1700 (1947).

2

In this instance, the Application for Employment ("Application") provided:

### READ CAREFULLY BEFORE SIGNING

> I agree that any claim or lawsuits relating to my service with University Hospitals or any of its subsidiaries or affiliates must be filed no more than six (6) months after the date of the employment action that is the subject of the claim or lawsuit. I waive any statute of limitations to the contrary.

The Application was incorporated into the offer of employment sent to Plaintiff on July 25, 2007.

It is undisputed that Plaintiff reviewed and signed the Application after he had a telephone interview and an in-person interview. Plaintiff equivocates on whether he read the entire document or just part of the document. Plaintiff also states that he did not understand the term "statute of limitations" but did not ask anyone for clarification prior to signing the document. In his words, his actions were comprised of: "Fill it out, hand it in, and go." Ex. 1 to Defendant's Reply Memorandum, Depo. of Eric Maxwell, 13:13.

Ohio law is clear that:

> A party entering a contract has a responsibility to learn the terms of the contract prior to agreeing to its terms. The law does not require that each aspect of a contract be explained orally to a party prior to signing. *ABM Farms [v. Woods*, 1998-Ohio-612, 81 Ohio St. 3d 498, 500, 692 N.E.2d 574, 577], at 503. "It will not do for a man to enter into a contract, and, when called upon to respond to its obligations, to say that he did not read it when he signed it, or did not know what it contained. If this were permitted, contracts would not be worth the paper on which they are written." *ABM Farms, Inc., supra*, citing *Upton v. Tribilcock* (1875), 91 U.S. 45, 50, 23 L.Ed. 203.

*Moore v. Houses on the Move, Inc.*, 2008-Ohio-3552, ¶ 28, 177 Ohio App. 3d 585, 592, 895 N.E.2d 579, 584 (8th Dist.).

3

Plaintiff seeks to avoid enforcement of the provision on two general grounds: lack of a contract and unconscionability. Plaintiff's contract arguments center on an alleged lack of consideration and meeting of the minds. It is beyond dispute that Plaintiff received employment and wages from Defendant based upon his satisfactory completion of the employment materials, including the Application. Wages and employment are sufficient consideration for the waiver. See, e.g., *Terry v. Cent. Transp., Inc.,* N.D.Ohio No. 1:09 CV 2432, 2011 WL 3296852 (July 29, 2011) relying on RESTATEMENT CONTRACTS, 2d, § 71, pg. 172 ("consideration may constitute a return promise or a performance, including an act, a forbearance, or 'the creation, modification, or destruction of a legal relation'").

Plaintiff also relies heavily on Plaintiff's claim that he did not understand the term what he was signing. Similar facts and arguments were presented in *Terry, supra*, where the Court stated:

> Plaintiff also asserts that he did not understand the full meaning of the waiver and did not have an opportunity to consult with a lawyer about its meaning....However, Plaintiff stated that he never read the contractual provisions before signing them, despite being given the opportunity to review them and ask questions. ...Further, Plaintiff stated that the document was familiar to him, in that it was "pretty much the same" as other DOT applications he had completed throughout his career....Plaintiff's case is analogous to that of the plaintiff in *Moore v. Ferrellgas*, Inc., 533 F. Supp. 2d 740, 749 (W.D. Mich. 2008), where the court found that there was a knowing and voluntary waiver where the plaintiff did not have a high school education, did not ask for more time to complete the application or to consult an attorney, or indicate in any fashion that he did not understand the terms. Here, Plaintiff similarly does not have a high school education, did not ask for more time to complete the application or to consult an attorney, or indicate in any fashion that he did not understand the terms.

*Terry, supra.*

While Plaintiff was not highly educated, he was capable of understanding the employment process, he was given ample time to review and consider the application, he was not denied the opportunity to have the application reviewed by an attorney, the waiver provision is noted with bold face print, and the language of the waiver is clear and simply stated. Plaintiff neither read the terms of the waiver carefully, nor did he ask any questions regarding them, despite having the opportunity. Plaintiff's actions constitute a knowing and voluntary acceptance of the waiver as a matter of law.

As to Plaintiff's unconscionability arguments, the Court notes that 180 days has already been deemed a reasonable time for filing similar claims by the Ohio legislature. Age discrimination claims pursuant to R.C. 4112.02, whistleblower claims under R.C. 4113.52, retaliatory discharge claims under R.C. 4123.90 and credit discrimination under R.C. 4112.021 are all subject to a 180 day limitation.

Both parties refer to cases decided by this Court with similar but distinguishing characteristics, *Patel v. Univ. Hosps.Health Sys.,* Case No. CV 14 824220 and *Claudio v. Univ.Hosps.Med.Ctr.,* Case No. CV 15 844993. In both cases, the court found that the 180 day limitation on employment actions was valid but determined that circumstances in the cases precluded enforcement. In *Patel*, the plaintiff specifically asked questions about the limitations provisions and was advised by defendant's employee to disregard the clause. In *Claudio*, the form was only available online so that no printed copy was ever reviewed or retained by the plaintiff. The online format precluded assurances that the document was displayed in a format readable by the plaintiff.

5

Neither circumstance is presented here. Plaintiff appeared in person and was provided the time and opportunity to review the document prior to signing it. The six month limitation is a reasonable time period and, as such, it is enforceable.

III.  CONCLUSION.

Based on the foregoing, Defendants' Motion for Summary Judgment is **GRANTED**.

JUDGE BRENDAN J. SHEEHAN

Dated: 1/28/16