IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CAMILLE WILSON, | ) CASE NO: 1:16-cv-00114-DAP |
| | ) |
| Plaintiff, | ) |
| | ) JUDGE DAN A. POLSTER |
| v. | ) |
| | ) |
| UNIVERSITY HOSPITALS CASE | ) |
| MEDICAL CENTER | ) |
| | ) |
| Defendant. | ) |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S PARTIAL MOTION FOR JUDGMENT ON THE PLEADINGS**

I.  **LEGAL DISCUSSION**

   A.  **The 12(b)(6) Standard is Virtually Identical to the 12(c) Standard in the Sixth Circuit**

In deciding a motion to dismiss or a motion for judgment on the pleadings under Civil Rules 12(b)(6) and 12(c), the Court must accept all factual allegations as true and make reasonable inferences in favor of the non-moving party. *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012) citing *Harvin-Bey v. Rutter*, 420 F.3d 571, 575 (6th Cir. 2005).  Only a short and plain statement of the claims showing that the pleader is entitled to relief is required pursuant to Fed. R. Civ. P. 8(a)(2).  The statement need only give the Defendants notice of what the claim is and the grounds upon which it rests.  *Harvin-Bey*, Id. quoting *Erikson v. Pardus*, 551 U.S. 89, 93 (2007) quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Plaintiff need not plead specific facts and the factual allegations must simply be enough to raise a right to relief above the speculation level and to state a claim to which relief is plausible on its face.  *Bell*

1

*Atlantic*, Id. quoting *Twombly*, 550 U.S. at 555, 570 ("A Plaintiff must plead factual content that allows the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged.") *Twombly*, 550 U.S. at 570 quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Camille Wilson has asserted federal and state employment discrimination claims. She is not required to plead facts or establish a *prima facie* case under the framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973) in order to state a claim for relief. See *Swierkiewicz v. Sorema*, 534 U.S. 506 (2002). "*Prima facie* case under *McDonnell Douglas*…is an evidentiary standard, not a pleading requirement." *Swierkiewicz*, 534 U.S. at 510. Wilson only needs to allege the statutory basis for the claims and the factual predicate for those claims such that the Defendants are apprised of the claims and the grounds upon which they rest. *Dickinson v. Zanesville Metro Housing Authority*, 975 F.Supp.2d 863, 871 (S.D. Ohio 2013) quoting *Lindsay v. Yates*, 498 F.3d 434, 440 (6th Cir. 2007).

As noted by many courts, the Sixth Circuit has continued to recognize the continued viability of *Swierkiewicz* subsequent to the Supreme Court's decisions in *Twombly* and *Iqbal*. See *Keys*, 684 F.3d at 609; *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 614 (6th Cir. 2012). And, while Wilson does not need to plead a *prima facie* case, she does satisfy the plausibility standards established in *Twombly* and *Iqbal* for establishing that the factual allegations of her Amended Complaint allows the Court to draw reasonable inferences that some Defendant is liable for the misconduct alleged. See *Pedreiria v. Kentucky Baptist Homes*, 579 F.3d 722, 728 (6th Cir. 2009) (Affirming dismissal of a religious discrimination claim where the Plaintiff failed to allege facts plausibly linking the employment discharge to religious beliefs).

Wilson submits that her Amended Complaint does not need to include detailed factual allegations. But, it does contain sufficient factual content for which the Court, informed from its

judicial experience and common sense, can draw the reasonable inference that one or more Defendants discriminated against her because of her race or disability. See *Iqbal*, 556 U.S. 678, 679. "If a reasonable court can draw the necessary inference from the factual material stated in the Complaint, the plausibility standard has been satisfied." *Iqbal*, 556 U.S. at 679.

The standard of review for 12(c) motion is the same for a motion under 12(b)(6) for failure to state a claim. See *Helms v. Davita Health Care Partners, Inc.*, 2015 WL 1759440 (S.D. Ohio 2015) citing *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) ("For purposes of a motion for judgment on the pleadings, all well pleaded material allegations of the pleadings of the opposing party must be taken as true, the motion may be granted only if the moving party is nevertheless clearly entitled to judgment"). *Fritz,* Id. at 722 citing *J.P. Morgan Chase Bank v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007).

    **B.**    **No Case Supports Abridging Wilson's Statutory Rights with an Online Application**

*Thurman v. Daimler Chrysler*, (6th Cir. 2004), 397 F.3d 352 is distinguished by several cases. For example, in *Burba v. Wendy's International, Inc.*, 659 F. Supp.2d 928 (S.D. Ohio 2009), the Defendants in that case attempted to use the *Thurman v. Daimler Chrysler* Case to support a six-month statute of limitations as reasonable. The Court in that Case did not disagree with the authority. But, the court took issue with the reasonableness of the Defendant's conclusions as to when the alleged anti-trust causes of action accrued.

In *Burba v. Wendy's International, Inc.*, the Court was provided with the *Thurman v. Daimler Chrysler* proposition that a six-month statute of limitations was reasonable. The *Burba* Court did not disagree with the authority or Plaintiff's conclusions that two years in that case was reasonable. "Instead, the Court takes issue with the reasonableness of Defendant's conclusions as to when the alleged anti-trust causes of action accrued." Id. The Court eventually determined

3

that the statute of limitations began when Wendy's terminated the Uniform Franchise Agreement in 2007. Therefore, the Court stated, "The Plaintiff's Complaint, which was filed on March 13, 2008 just seven months later falls comfortably within either the four-year statute of limitations of 15 U.S.C. § 15(b) or the two-year period set forth in Uniform Franchise Agreement."

So, the Court was not faced with the six-month issue there but the two year, and the Court took into consideration the issue of when the cause of action accrued which is important to the consideration.

Likewise, in *Bowens v. Columbus Metropolitan Library Board of Trustees*, 2011 WL 1238367 (S.D. Ohio 2011), the Court was faced with the Defendant's use of the *Thurman v. Daimler Chrysler* Decision as well as *Hoskins v. Daimler Chrysler* urging for a six-month statute of limitations on all the claims. The *Bowens* Court noted that the application form is not the only document that could be construed as an employment agreement. "Mr. Bowens contends that the employment letter and the handbook, not the application form, comprised the terms of his employment with the library. Because neither the employment offer letter nor the handbook incorporates by reference or sets forth the terms contained in the application form, Mr. Bowens has shown a genuine issue of dispute as to whether the six month limited formed a term of the employment contract between the parties. Accordingly, the library's motion for summary judgment must be denied." Id.

The Sixth Circuit in *Shupe v. Asplundh Tree Expert Co.*, 566 F. Appx. 476, 477, 484 (6th Cir. 2014) allowed a provision in a separately executed single page waiver reducing the employee's time to bring state law civil rights claims to six months was enforceable because the waiver was knowingly and voluntarily executed under a five-part totality of the circumstances test.

4

In the *Shupe v. Asplundh Tree Expert Co.* Case, the Court looked to *Morrison v. Circuit City Stores, Inc.*, Case 317 F.3d 646, 668 (6th Cir. 2003) for the five-part test to determine whether the waiver has been knowingly and voluntarily executed. Those factors are (1) Plaintiff's experience, background and education; (2) the amount of time the Plaintiff had to consider whether to sign the waiver, including whether the employee had an opportunity to consult with a lawyer; (3) the clarity of the waiver; (4) consideration for the waiver; as well as (5) the totality of the circumstances. See *Morrison*, Id. at 668.

In a motion for a dismissal, pursuant to 12(C), there has been no discovery, there has been no answer by the Defendants as to any issues concerning the *Morrison* factors, and the statement by the Defendants that the Plaintiff is a bright lady is not appropriate for this circumstance, and certainly not conclusive as to the issue of an affirmative defense.

In *Cole v. Convergys Cust. Management Group*, 2012 WL 6047741 (D. Kan. 2012), the Court did find that an employment application shortened the limitation period to six months was knowing and voluntary. But, the Court found the provision unenforceable regarding the employee's federal claims because it did not also explicitly refer to the waiver of federal civil rights claims.

Here, all the University Hospitals stated was, "I agree that any claim or lawsuits relating to my service with University Hospitals or any of its subsidiaries or affiliates must be filed no more than six months from the date of the employment action that is the subject of the claim or lawsuit. I waive any statute of limitations to the contrary."

Even assuming that the person signing the agreement is a lawyer and understands what this means or the import of that language, it does not explicitly refer to the waiver of federal or state civil rights claims. See also *Van-Go Transportation Co. v. New York Board of Education*,

5

53 F. Supp.2d 278, 282-84 (E.D. N.Y. 1999) (A provision in an employment agreement shortening the limitation period to six months was unenforceable regarding 1983 claims because the provision did not expressly reference the employee's intention to waive federal claims.)

In *Pruiett v. West End Restaurant LLC*, 2011 WL 5520969 (N.D. Tenn. 2011), the Court noted that the *Morrison* and *Thurman* cases simply state that shortened statute of limitations are not *per se* unenforceable in the Sixth Circuit. But, the Court still stated it must conduct a statute-specific inquiry to determine whether, as the Plaintiff's contend, enforcement of limitation provision would abridge the Plaintiff's substantive right to full compensatory recovery under the FLSA. "If so, the provision is unenforceable." And, although this is not an FLSA case, the federal statutes that the Plaintiff filed her case under all permit her to file a lawsuit within six months of her right to sue letter.

In *Fritz v. Financial Edge Community Credit Union*, 835 F. Supp.2d 377 (E.D. Mich. 2011), the Defendants in that case claimed that the *Thurman* Case and other cases uphold their right to assert 180-day limitation in the employment agreement.

But the Court noted that under Title VII, once an individual files a charge alleging discrimination, the EEOC must investigate the charge and determine whether there is reasonable cause to believe that is true. "By filing a charge, an individual does not file a Complaint seeking relief but informs the EEOC of a possible discrimination…If the EEOC finds reasonable cause to believe the discrimination occurred, it must endeavor to eliminate any such alleged unlawful employment practice by informal means of conference, conciliation and persuasion." *Fritz*, Id. citing *EEOC v. Shell Oil Company*, 466 U.S. 54, 68 (1984).

The Plaintiff in *Fritz*, much like Camille Wilson, contends that Title VII claims cannot be subjected to a contractually shortened statute of limitations of 180 days. *Fritz* argued that the

6

contractual statute of limitations cannot abrogate her rights. "As noted above, mere judicial assessment of reasonableness is an invalid basis upon which to refuse to enforce contractual provisions." But, the Court went on to state, "Nonetheless, because the EEOC has exclusive jurisdiction for 180 days, Plaintiff argues that any period less than that period of time prevents Plaintiff from litigating her Title VII claims. The law, as it relates to shortened statute of limitations for the Title VII claims is unsettled. Plaintiff notes many courts have cited *Thurman* for the principle of the Title VII claims may be limited by employment agreements." But, the *Fritz* Court noted that these cases do not contain any analysis of Title VII claims, and *Thurman* did not provide any legal reasoning or analysis of the issues of Title VII.

The *Fritz* Court went on to note that in *Lewis v. Harper Hospital*, 241 F. Supp.2d 769 (E.D. Mich. 2002), the Court in that case explained that the EEOC maintains exclusive jurisdiction over the subject matter of the charge for 180 days. The Court there denied the motion for summary judgment as to the Title VII claims holding that if the Court were to uphold the six-month limitation clause as the Plaintiff's Title VII claims, the EEOC period of exclusive jurisdiction would have had the effect of abrogating the Plaintiff's ability to bring a Title VII suit.

In response to that Decision, the Defendants in the *Lewis* case argued that the *Thurman* case was decided after *Lewis* and that is valid Sixth Circuit precedent, not District Court precedent. The *Fritz* Court was not convinced. "Whether the holding in *Thurman* encompasses any Title VII claims is unclear. The Opinion states that the Plaintiff's original Complaint that alleged violations of ELCRA, Title VII and 1981 claims and various state law tort claims was dismissed due to Plaintiff's counsel's repeated failures to appear and participate in court ordered conferences. The Court went on to talk that the only reference to Title VII in the Opinion

addressed the original Complaint in the first cause that was dismissed. "Because there is no other clear precedent regarding the 180-day limitation on Title VII claims, and because the reasoning in *Lewis* is sound, the Court concludes that any period of 180 days or less is preempted by the EEOC's period of exclusive jurisdiction and necessarily precludes any judicial consideration of Plaintiff's claims." *Fritz*, Id. citing *Lewis*, 241 F. Supp.2d at 772 (concluding that if the Court were to uphold the six-month limitation of action clause as to Plaintiff's Title VII claim, the EEOC's period of exclusive jurisdiction would have the effect of abrogating Plaintiff's ability to bring a Title VII suit).

In *Mazurkiewicz v. Clayton Homes, Inc.*, 971 F. Supp.2d 682 (S.D. Texas 2013), the court was faced with the *Thurman v. Daimler Chrysler* precedent as it relates to the Plaintiff's ADA claim. The court noted that under the ADA administrative scheme which mirrors Title VII, the aggrieved party has 180 days or six months after the alleged unlawful employment practice to file a charge, and the EEOC is given 180 days after the filing charge, roughly another six months, to make its investigation and determination. Id. The *Clayton Homes, Inc.* Case noted that, "Other courts have thus recognized that because the contractual limitations period would expire before the employee ever had the opportunity to file suit, the employee would be effectively precluded from filing a Title VII or ADA suit." See *Mabry v. The Western & Southern Life Insurance Company*, 2005 WL 1167002 (M.D.N.C. 2005). The *Mabry* Court noted that at least three district courts have considered the type of contractual limitation similar to what University Hospitals is alleging here in Title VII or ADA suits and concluded that the limitation is void and unenforceable in this context. The Court cited *Lewis v. Harper Hospital*, 241 F. Supp.2d 769, 772 (E.D. Mich. 2002) (Were this Court to uphold the six month limitation of action clause as to Plaintiff's Title VII claim, the EEOC's period of exclusive jurisdiction

8

would have had the effect of abrogating Plaintiff's ability to bring a Title VII suit; *Scott v. Guardsmark SEC.*, 874 F. Supp. 117, 121 (D.S.C. 1995) (Congress created the ADA to provide a clear and comprehensive mandate for the elimination of discrimination against individual disabilities…this Court will not allow the Defendant to frustrate Congressional intent to a cleverly drawn, unilateral contract [and] this Court will not enforce a contract and reduce the time limits to assert a federal cause of action); *Salsbury v. Art Van Furniture*, 938 F. Supp. 435, 437-38 (W.D. Mich. 1986) (With respect to the ADA claim, the contractual limitations certainly affected a practical abrogation of the right to file an ADA claim and is therefore unenforceable).

The *Mabry* Court stated, "This Court is persuaded by the reasoning holding these cases."

The court dealt with the issue raised similarly by University Hospitals that the Plaintiff in that case, similar to Ms. Wilson who filed at least two different charges, should have requested an earlier right to sue letter from the EEOC in order to meet the contractual deadline. The Court stated, "However, the applicable regulations allow an aggrieved party to request such a letter at any time after the expiration of 180 days from the date of the filing of the charge with the Commission." 29 CFR § 1601.28(a)(1). The Court also noted that in *Walker v. UPS*, 240 F.3d 1268, 1273 (10th Cir. 2001) private parties, such as the Plaintiff, do not have the power to take away EEOC's enforcement authority in order to force it to issue earlier right to sue notices.

The Court also addresses the Defendant's contentions that the Plaintiff could have filed suit before receiving the right to sue letter and then asked for a stay pending the EEOC's determination. "However, it is well established that the timely filing of an EEOC charge and the entitlement to a right to sue letter, although not jurisdictional prerequisites, are conditions precedent to suit in federal court." *Mabry*, Id. citing *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982). See also *Perdue v. Roy Stone Transfer Corp.*, 690 F.2d 1091, 1093 (4th

Cir. 1992) (holding that it is entitlement to a right to sue notice rather than its actual issue or receipt which is a prerequisite to sue).

As a result, the *Mabry* Court noted that the Court found that "the six month contractual limitations period in the agreement is unreasonable and against public policy as applied to an ADA claim [a]nd this Court will not enforce that limitation clause as to Plaintiff's claim in the present case."  See also *O'Phelan v. Federal Express Corporation*, 2005 WL 2387647 at *4 (N.D. Ill. 2005) (finding that enforcement of a six-month limitation on a clause on claims effectively prevents the Plaintiff from having any mechanism for redress under Title VII due to the EEOC's administrative requirements; see also *Sanford v. Quicken Loans*, 2014 WL 266410 (E.D. Mich. 2014) ("For this reasons, in a situation such as here where an employment agreement purportedly limits an ADEA and Plaintiff's ability to bring a legal action to one year, a Plaintiff is not required to file legal action within one year if the EEOC action remains pending longer than one year.  An ADA Plaintiff must have a meaningful opportunity to complete the administrative process, which includes receiving a right to sue letter from the EEOC, prior to filing a legal action.  Any contractual provision that denies that right, such as the provision in this case, is unenforceable.")  See also *Lugihible v. Fifth/Third Bank*, 2015 WL 1235221 (N.D. Ill. 2015) ("That, of course, would preclude some Plaintiffs from filing suit at all, because an EEOC's review of an administrative charge can, and in these cases, did exceed the contractual limitations.  Under these circumstances enforcing the contractual limitations period would be contrary to public policy as these Courts held.")

## II.    CONCLUSION

The Defendants simply make the argument that the Plaintiff's lawsuit was filed more than six months after termination, ignoring completely the fact that the Plaintiff filed charges of

discrimination on October 29, 2014 and on January 14, 2015. The Defendant simply argues that Wilson only had one 180-day period to file the lawsuit. The undersigned counsel would suggest to the Court that this is just playing games with numbers. It is substituting form over substance. None of the claims raised by the Defendant claims that the lawsuit was filed untimely under any version of current case law. Many courts have held that private employers cannot truncate a civil rights process and accelerate the timeframes that are provided by law in numerous EEOC cases.

The Defendant also failed to bring to the Court's attention a case in the Court of Common Pleas Cuyahoga County called *Claudio v. University Hospitals Medical Center*. That is on appeal right now at the Eighth District Court of Appeals. Judge Michael P. Donnelly, who ironically had this case before it was removed to federal court, found that the online application lacked consideration and that there was no mutuality of obligations in that the Defendant did not promise to review the application or consider the Plaintiff for employment. The application was submitted online as far as we know. At no time during her employment like Claudio did she get a copy of the submitted online application or even think to request it. Claudio and Ms. Wilson are not lawyers. *Claudio* is contrary to what was found in *Eric Maxwell v. University Hospitals* before Judge Brendan Sheehan who found the provision to be enforceable, but that is also before the Eighth District Court of Appeals on appeal.

Respectfully submitted,

MICHAEL P. HARVEY CO., L.P.A.

/s/Michael P. Harvey
Michael P. Harvey, Esq. (#0039369)
311 Northcliff Drive
Rocky River, Ohio 44116
Office: (440) 356-9108
Cell:   (440) 570-2812
Email: MPHarveyCo@aol.com
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned herby certifies that on May 11, 2016, a copy of the foregoing PLAINTIFF'S OPPOSITION TO DEFENDANT'S PARTIAL MOTION FOR JUDGMENT ON THE PLEADINGS has been forwarded via the Court's electronic filing system to:

Liana R. Hollingsworth
David A. Campbell
Vorys, Sater, Seymour and Pease LLP
200 Public Square, Suite 1400
Cleveland, Ohio 44114
Email: lrhollingsworth@vorys.com
Email: dacampbell@vorys.com
*Attorneys for Defendant*

/s/Michael P. Harvey, Esq.
Michael P. Harvey, Esq. (#0039369)
*Attorney for Plaintiff*

MPH/rlb