IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CAMILLE WILSON, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 1:16-cv-00114-DAP |
| ) | |
| v. ) | Honorable Judge Dan Aaron Polster |
| ) | |
| UNIVERSITY HOSPITALS CASE ) | |
| MEDICAL CENTER, et al. ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT UNIVERSITY HOSPITALS CASE MEDICAL CENTER'S
REPLY BRIEF IN SUPPORT OF ITS PARTIAL MOTION FOR
JUDGMENT ON THE PLEADINGS**

**I.      INTRODUCTION**

Pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, Defendant University Hospitals Case Medical Center ("UHCMC" or "Defendant") moved for partial judgment on Plaintiff's state law claims in her initial Complaint as well as her federal claims which arose prior to her termination on the grounds that such claims are barred by the six-month contractual limitations period contained in Plaintiff's employment application ("UHCMC's Motion"). Plaintiff's Opposition to UHCMC's Motion (the "Opposition") confirms that UHCMC's Motion should be granted in its entirety.

The Opposition argues that this Court should reject the many authorities addressing modified statute of limitations under Ohio law set forth in UHCMC's Motion and, for support, cites numerous cases which are all inapposite from the present case.  As to Plaintiff's federal claims, the majority of the Opposition is dedicated to addressing the Equal Employment Opportunity Commission's ("EEOC") 180-day exclusivity period and arguing that contractual limitation periods cannot abridge a plaintiff's substantive rights under federal law.  However, in

UHCMC's Motion, Defendant expressly acknowledged that the EEOC has exclusive jurisdiction for a period of 180 days after a charge of discrimination is filed. Defendant only requested that Plaintiff's federal claims based on alleged misconduct that occurred during her employment and which was the subject of 2014 charge of discrimination (the "2014 Charge") be dismissed. It is undisputed that Plaintiff filed her 2014 Charge on October 29, 2014. The EEOC's 180-day period of exclusive jurisdiction, therefore, expired on April 27, 2015, and Plaintiff had until October 27, 2015 to file the present lawsuit. Because Plaintiff did not file the lawsuit until December 28, 2015, Plaintiff's federal claims concerning the subject matter of her 2014 Charge are untimely and should be dismissed as a matter of law.

Acknowledging the deficiencies in her initial Complaint, Plaintiff filed an Amended Complaint on May 6, 2016, asserting additional claims under state and federal law against UHCMC and two individuals: Nancy Johnson (a former co-worker of Plaintiff's) and Kathy Deakins (Plaintiff's former supervisor). However, Plaintiff's amended pleading still contains causes of action which fail to state legally cognizable claims. Accordingly, UHCMC and Mses. Johnson and Deakins (collectively, "Defendants") are filing concurrently herewith a Partial Motion to Dismiss Plaintiff's Amended Complaint. As fully set forth below, in UHCMC's Motion, and in Defendants' Partial Motion to Dismiss, all of the state claims in Plaintiff's Amended Complaint are untimely and the only federal causes of action which state a claim for relief are Plaintiff's claims of retaliatory discharge and disability discrimination based on her termination against UHCMC under the Americans with Disabilities Act (the "ADA").

## II. RELEVANT FACTS

Prior to beginning employment at UHCMC in 2009, Plaintiff submitted an employment application. (Plaintiff's employment application and offer letter are attached hereto as Exhibit 1;

Amended Complaint at ¶¶ 12-13). The employment application contained a separate clause in which Plaintiff agreed that any claims or lawsuits relating to her employment with UHCMC must be filed no more than six months after the date of the action which is the subject of the claim or lawsuit. (*See* Exhibit 1). The employment application also makes clear that it remains effective throughout Plaintiff's employment with UHCMC. (*Id.* "If you are hired, [this employment application] continues to remain active and becomes part of your official employment record"). The employment application was incorporated into the offer of employment sent to Plaintiff on November 24, 2009. (*Id.*).

During her employment, Plaintiff dual filed her 2014 Charge with the Ohio Civil Rights Commission (the "OCRC") and the EEOC on October 29, 2014. (Amended Complaint at ¶¶ 14-15; *see also* the 2014 Charge, attached hereto as Exhibit 2). The 2014 Charge involved events that took place before Plaintiff's termination, including a medical fitness for duty examination which Plaintiff alleges was discriminatory and harassing. (Amended Complaint at ¶¶ 15, 24-26, 61, 81; Exhibit 2).

On January 7, 2015, Plaintiff's position was eliminated as part of a reduction in force ("RIF"). (Amended Complaint at ¶ 28; *see also* Plaintiff's 2015 charge of discrimination, attached hereto as Exhibit 3). Following her termination, Plaintiff dual filed a second charge of discrimination with the OCRC and the EEOC on January 14, 2015 (the "2015 Charge"). (Amended Complaint at ¶¶ 14-15; Exhibit 3). The 2015 Charge involved Plaintiff's alleged wrongful termination. (Amended Complaint at ¶ 15; Exhibit 3). Specifically, the 2015 Charge alleged retaliation and discrimination on the basis of Plaintiff's disability, but did not include any alleged unlawful discriminatory practice on the basis of Plaintiff's race. (Exhibit 3).

Plaintiff filed this lawsuit on December 28, 2015, alleging that UHCMC violated O.R.C.

§ 4112, *et seq.*, Title VII of the Civil Rights Act of 1964 ("Title VII"), and the ADA. (*See* initial Complaint at ¶ 5). On May 6, 2016, Plaintiff filed an Amended Complaint asserting the following six counts: (Count One) racial harassment and harassment on the basis of Plaintiff's perceived disability against UHCMC; (Count Two) disability discrimination/harassment against Johnson and Deakins; (Count Three) interference with Plaintiff's rights under the Family and Medical Leave Act against UHCMC; (Count Four) retaliatory discharge against UHCMC on the basis of Plaintiff's internal complaints about perceived disability and racial harassment; (Count Five) disability discrimination against UHCMC under state and federal law; and (Count Six) wrongful discharge in violation of Ohio public policy against UHCMC. (*See* Amended Complaint).

### III.  LAW AND ARGUMENT

#### A.  Ohio Law Permits Contractually Agreed Upon Statutes of Limitation.

The Opposition attempts to challenge the authorities relied upon by Defendant and cites a slew of inapposite cases. However, UHCMC's Motion sets forth uniform authorities upholding similar six-month contractual limitations periods. *See Hoskins v. DaimlerChrysler Corp.*, S.D. Ohio No. 3:03CV338, 2005 U.S. Dist. LEXIS 45418 (Mar. 30, 2005); *Sanders v. DaimlerChrysler Corp.,* N.D. Ohio No. 3:05 CV 7056, 2006 U.S. Dist. LEXIS 84348 (Nov. 9, 2006); *Thurman v. DaimlerChrysler Corp.*, 397 F.3d 352, 116 Fed. App'x. 638 (6th Cir. 2004); *Maxwell v. University Hospitals Health Systems, Inc*., Case No. CV 15 840036, Cuyahoga Cty. Common Pleas, February 1, 2016 (attached hereto as Exhibit 4); *Terry v. Cen. Tran., Inc.,* Case No. 1:09CV2432, 2011 U.S. Dist. LEXIS 83454 at *18 (July 29, 2011).

The cases relied on in the Opposition are all distinguishable from the present case. For example, the Opposition cites *Burba v. Wendy's Int'l, Inc*., 659 F. Supp.2d 928 (S.D. Ohio

4

2009), which Plaintiff acknowledges is an anti-trust case involving a two-year contractual limitations period in a franchise agreement. (Opposition at 3-4). In addition to being factually distinct, the district court in *Burba* acknowledged that contractual limitations periods of one-year and six-months are reasonable. (*Id.*).

The Opposition next cites *Bowen v. Columbus Metropolitan Library Bd. of Trustees*, Case No. 2:10cv219, 2011 U.S. Dist. LEXIS 32697 (S.D. Ohio Mar. 28, 2011), for support. (Opposition at 4). In *Bowen*, the defendant moved for summary judgment on the plaintiff's race discrimination claims under federal and state law on the sole ground that the claims were time-barred because the plaintiff failed to file suit within six months after his termination as required by his employment application. *Id.* at *9-10. The district court denied the defendant's motion and found that there were genuine issues of fact regarding whether the employment application was the only document which formed the employment agreement. *Id.* at *10-11. The plaintiff argued that the offer of employment letter and employee handbook – not the application form – comprised the terms of his employment. *Id.* The district court pointed out that neither the letter nor the handbook incorporated the application by reference or set forth the terms contained on the application form. *Id.* at *11. The district court also noted that the application did not state that the waiver of rights was in consideration for the defendant's promised review or actual review of the plaintiff's application. *Id.* at *5.

Here, Plaintiff's employment application specifically states that the application remains active and that Plaintiff agrees to be bound by its terms throughout her employment. (*See* Exhibit 1). Additionally, Plaintiff's offer of employment letter incorporated her employment application. *Id.* Consequently, Plaintiff's reliance on *Bowen* is misplaced.

*Shupe v. Asplundh Tree Expert Co.*, 566 F. App'x 476 (6th Cir. 2014), is similarly

5

inapplicable to this case as it involved waivers under Kentucky law. (*Id.*; Opposition at 4-5). Finally, the Opposition cites two district court cases outside the Sixth Circuit which are not controlling on this Court—*Cole v. Convergys Cust. Management Group*, Case No. 12-2404, 2012 U.S. Dist. LEXIS 172396, (D. Kan. Dec. 5, 2012) and *Van-Go Transportation Co. v. New York Bd. of Educ.*, 53 F. Supp.2d 278 (E.D. N.Y. 1999). (Opposition at 5-6).

In this case, Plaintiff was informed that her position had been eliminated in the RIF on January 7, 2015. (*See* Amended Complaint at ¶ 28; Exhibit 3). However, Plaintiff did not file her Complaint until December 28, 2015 nearly a year after her separation from UHCMC. (*See* initial Complaint). Thus, all of Plaintiff's state law claims arising from her separation and from events that allegedly occurred during her employment are well outside the six-month contractual limitations period that she agreed to within her employment application. Plaintiff cannot, therefore, proceed with any of her claims under Ohio law.[1] *See e.g. Hoskins*, 2005 U.S. Dist. LEXIS 45418; *Sanders,* 2006 U.S. Dist. LEXIS 84348; *Thurman,* 397 F.3d 352; *Maxwell*, Case No. CV 15 840036, Cuyahoga Cty. Common Pleas, February 1, 2016; *Terry*, 2011 U.S. Dist. LEXIS 83454.

### B. A Contractual Limitations Period For Federal Civil Rights Claims Is Enforceable After The EEOC's 180-Day Period of Exclusive Jurisdiction Expires.

Much of the Opposition is dedicated to arguing that Title VII and ADA claims cannot be subject to a contractually shortened limitations period of 180 days or less because doing so would abridge a plaintiff's substantive rights under federal law. (Opposition at 6-10). For

---

[1] As set forth in Defendants' Partial Motion to Dismiss, Count Six of the Amended Complaint—wrongful termination in violation of Ohio public policy—is untimely, and Counts One, Two, Three and Four of the Amended Complaint are similarly time-barred to the extent Plaintiff is trying to bring them under O.R.C. § 4112, *et seq.*

support, the Opposition discusses at great length *Fritz v. Financial Edge Community Credit Union*, 835 F. Supp.2d 377 (E.D. Mich. 2011), *Mazurkiewicz v. Clayton Homes, Inc.*, 971 F. Supp.2d 682 (S.D. Texas 2013), and *Mabry v. The Western & Southern Life Ins. Co.*, Case No. 1:03CV848, 2005 U.S. Dist. LEXIS 11042 (M.D. N.C. April 19, 2005), all of which address the EEOC's 180-day exclusivity period. (Opposition at 6-10). Plaintiff's argument misses the mark. In UHCMC's Motion, Defendant expressly acknowledged that the EEOC has exclusive jurisdiction for a period of 180 days after a charge of discrimination is filed. (UHCMC's Motion at 9-10). However, a contractual limitation period can commence after the expiration of the 180-day period and is enforceable. *See e.g. Tyler*, 2015 U.S. Dist. LEXIS 53662, at *11-12.

Here, Plaintiff filed her 2014 Charge involving events that allegedly occurred during her employment on October 29, 2014. (*See* Exhibit 2). As set forth in UHCMC's Motion, the EEOC's 180-day period of exclusive jurisdiction expired on April 27, 2015, and Plaintiff, therefore, had until October 27, 2015 to file the present lawsuit. Because Plaintiff did not file the lawsuit until December 28, 2015, both Plaintiff's federal and state claims concerning the subject matter of her 2014 Charge are untimely, *i.e.* the alleged conduct which occurred during her employment, and should be dismissed as a matter of law.[2]

The Opposition disingenuously argues that "Defendants simply make the argument that the Plaintiff's lawsuit was filed more than six months after her termination, ignoring completely the fact that the Plaintiff filed charges of discrimination on October 29, 2014 and on January 14, 2015. . . [and] simply argues that Wilson only had one 180-day period to file the lawsuit."

---

[2] As set forth in Defendants' Partial Motion to Dismiss, Plaintiff's harassment claim based on race and disability in Count One of the Amended Complaint cannot be asserted under Title VII or the ADA as both claims are untimely. Additionally, Plaintiff's disability discrimination claims in Counts Two and Five of the Amended Complaint are time-barred to the extent they are based on alleged misconduct that occurred during Plaintiff's employment.

(Opposition at 10-11). To the contrary, UHCMC's Motion concedes that Plaintiff's federal claims[3] based on her termination are timely as Plaintiff filed the lawsuit within six months <u>after</u> the EEOC's 180-day exclusivity period ended following the filing of her 2015 Charge. (UHCMC's Motion at 3-4 and 10). Defendant does maintain, however, that Plaintiff's O.R.C. § 4112 claims in her Amended Complaint which are based on her termination are barred by the contractual limitations period as set forth in Section III(A) above.

Lastly, the Opposition points to *Claudio v. University Hospitals Medical Center*, Case No. CV-15-844993, which is an ongoing case before Judge Donnelly in the Cuyahoga County Common Pleas Court—not the Eighth District Court of Appeals as incorrectly stated in the Opposition. While it is true that Judge Donnelly denied the defendant summary judgment based on the contractual limitations period set forth in the plaintiff's employment application, the undisputed facts in that case are clearly distinguishable from those in *Maxwell* and the case at bar. In *Claudio*, the court found that the plaintiff was never provided with a copy of her employment application or any written document referencing the application at the time of her hire (or any time after she was hired). (A copy of the court's order is attached hereto as Exhibit 5). In contrast, the plaintiffs in *Maxwell* and in the present case were provided with a written offer of employment which expressly referenced their employment applications. (*See* Exhibits 1 and 4). The court's opinion in *Claudio* made clear that it was based on the "circumstances of [that] particular case" and Judge Donnelly stated that the limitations period in the employment

---

[3] As addressed in Defendants' Partial Motion to Dismiss, Count Four of Plaintiff's Amended Complaint asserts a retaliatory discharge claim against UHCMC in violation of O.R.C. § 4112 and "federal law." Specifically, Plaintiff alleges that she was terminated in retaliation for raising complaints about perceived disability and racial harassment in the workplace. Count Four, however, can only be brought under the ADA—not Title VII—as Plaintiff's 2015 Charge alleged retaliation and discrimination on the basis of her disability, but did not include any alleged unlawful discriminatory practice on the basis of Plaintiff's race. (*See* Exhibit 3).

8

application would have been enforceable if the plaintiff had been presented with a written copy application at the time of her hire. (*See* Exhibit 5). Accordingly, *Claudio* is not applicable to this case.

## IV. **CONCLUSION**

Based on the foregoing, UHCMC respectfully requests the Court to grant its Partial Motion for Judgment on the Pleadings and dismiss all federal and state claims which arose during Plaintiff's employment as they are untimely. Additionally, UHCMC requests that this Court dismiss Plaintiff's state law claims based on her termination as they are similarly time-barred. As set forth in Defendants' Partial Motion to Dismiss, the only claims that Plaintiff may pursue in this case are her federal retaliatory discharge and disability discrimination claims against UHCMC under the ADA which are set forth in Counts Four and Five of the Amended Complaint.

    Respectfully submitted,

    */s/ Liana R. Hollingsworth*

    David A. Campbell (0066494)
    Liana R. Hollingsworth (0085185)
    Vorys, Sater, Seymour and Pease LLP
    200 Public Square, Suite 1400
    Cleveland, Ohio 44114
    Telephone: (216) 479-6100
    Facsimile: (216) 479-6060
    Email: dacampbell@vorys.com
           lrhollingsworth@vorys.com

    *Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 18th day of May, 2016, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties, when applicable, by operation of the Court's ECF system. Parties may access this filing through the Court's electronic filing system.

*/s/ Liana R. Hollingsworth*
Liana R. Hollingsworth (0085185)
Vorys, Sater, Seymour and Pease LLP
200 Public Square, Suite 1400
Cleveland, Ohio 44114
Telephone: (216) 479-6100
Facsimile: (216) 479-6060
Email: lrhollingsworth@vorys.com

*One of the Attorneys for Defendants*